# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JUSTIN E. ALLEN,
ADC #551718                                                                                    PLAINTIFF

V.                          4:12CV00390 SWW/JTR

ADAM MITTEMIER, Officer; and
SETH FERGUSON, Officer,
Faulkner County Detention Center                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Justin E. Allen, is confined in the Faulkner County Detention Center. In this *pro se* § 1983 action, he alleges that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28

U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff contends that, in May of 2012, Defendants Mittemier and Ferguson violated his constitutional rights when they lost his personal property and unspecified legal documents. *See* docket entry #2.

The United States Supreme Court has held that a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). In this case, Plaintiff has the adequate post-deprivation remedy of filing a conversation action against Defendants in state court. *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision ) (holding that a detainee could not bring a § 1983 claim against county jail employees for

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

seizure of personal property from his cell because he could bring a conversion action in state court); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision) (same); *Butler v. Smith*, Case No. 00-1331, 2000 WL 268505 (8th Cir. Mar. 13, 2000) (unpublished decision) (same). Thus, Plaintiff has failed to state a viable due process claim regarding the loss of his property.

Although it is unclear, Plaintiff also may be alleging that the loss of his unspecified legal documents constituted a violation of his First Amendment right to access the courts. To state a viable access to the courts claim, a prisoner must allege that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997). Plaintiff has not made any allegations suggesting that he was actually injured as a result of the loss of his unspecified legal documents. Thus, he has failed to state a viable access to the courts claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C.§ 1915(a)(3), that an *in form pauperis* appeal would not be taken in good faith.

Dated this 6th day of July, 2012.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE